**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 03-1850**

───────────

MOHAMMED RENU,

Petitioner,

versus

JOHN ASHCROFT, Attorney General,

Respondent.

───────────

On Petition for Review of an Order of the Board of Immigration
Appeals. (A73-167-508)

───────────

Submitted: February 25, 2004          Decided: March 25, 2004

───────────

Before NIEMEYER, MOTZ, and SHEDD, Circuit Judges.

───────────

Petition denied by unpublished per curiam opinion.

───────────

Fitzgerald Lewis, Springfield, Virginia, for Petitioner. Peter D.
Keisler, Assistant Attorney General, Linda S. Wendtland, Assistant
Director, Danielle Franco, OFFICE OF IMMIGRATION LITIGATION,
Washington, D.C., for Respondent.

───────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Mohammed Renu, a native and citizen of Bangladesh, petitions for review of an order of the Board of Immigration Appeals affirming without opinion the Immigration Judge's (IJ) denial of asylum and withholding of removal. For the reasons discussed below, we deny the petition for review.

Renu disputes the IJ's negative credibility finding and asserts that he established his eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Renu fails to show that the evidence compels a contrary result. Moreover, we find that Renu's challenge to the IJ's negative credibility finding is without merit. See Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989). Accordingly, we cannot grant the relief that Renu seeks.

Additionally, we uphold the IJ's denial of Renu's application for withholding of removal. The standard for withholding of removal is more stringent than that for granting asylum. Chen v. INS, 195 F.3d 198, 205 (4th Cir. 1999). To qualify for withholding of removal, an applicant must demonstrate "a clear probability of persecution." INS v. Cardoza-Fonseca, 480 U.S. 421, 430 (1987). Because Renu fails to show he is eligible

for asylum, he cannot meet the higher standard for withholding of removal.

Accordingly, we deny the petition for review. We deny Renu's motion to strike and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED